DEPARTMENT OF THE NAVY
NAVAL FACILITIES ENGINEERING COMMAND
SOUTHWEST DIVISION, OFFICER IN CHARGE
NAVAL AIR WEAPONS STATION
1 ADMINISTRATION CIRCLE
CHINA LAKE, CA 93555-6100

IN REPLY REFER TO:

4200
Ser 5DC2.JSS/882
22 August 2002

BMAR & Associates, Inc.
1249 E. Ridgecrest Blvd.
Ridgecrest, CA 93555

Dear Mr. Stewart:

SUBJ: CONTRACT N68711-99-D-3322 FOR BASE OPERATING SERVICES AT NAVAL AIR WEAPONS STATION, CHINA LAKE, CA, REGARDING ANNEX 1 IQ WORK REQUEST IN FAMILY HOUSING

Your e-mail with six-attachments to Joseph Saunders on 29 July 2002 referencing Annex 1 IQ work in Family Housing has been reviewed by this office. You were issued Work Order No. 0102004 on 11 July 2002 with an estimated completion date of 11 August 2002 for a total amount of $263.80, No. 0102006 on 16 July 2002 with an estimated completion date of 9 August 2002 for a total amount of $75.61, and No. 0102009 on 24 July 2002 with an estimated completion date of 24 August 2002 for a total amount of $113.25. Your exception to the issuance of the work orders under Annex 1 IQ work is noted. It is also noted that "if directed by you the Contracting Officer, [you will] initiate performance of the work as directed but under protest."

Delivery Order (DO) 0162 was issued to your company on 25 September 2001 in the amount of $36,288.66. On 24 October 2001, you wrote LCDR Arellano stating "any grounds maintenance work requested to be performed in Annex 4 should be issued under modification/task order to the contract" specifically citing the issuance of Modification P00009 to subject contract for the same type of work. Modification P00009 was issued on 29 September 2000 in the amount of $24,586.25. You state that because grounds maintenance for Annex 4 was issued as a modification, DO 0162 should also have been issued as a modification or task order DO under the contract and not an indefinite-quantity DO. On 25 October 2001, you were e-mailed by LCDR Hector Arellano stating, "We agree with your position." Subsequently, DO 0162 was cancelled on 6 December 2001 in its entirety. The requirement under DO 0162 was not ordered under a task order or a modification to the contract.

Several facts need to be understood when considering the above argument. Modification P00009 was issued as a modification to the contract under the following circumstances: 1) issuance of a indefinite-quantity DO would have exhausted most of the available quantity in the first quarter of the contract period; and 2) Task order DO ability was not available at the time of the issuance of this modification.

ATTACHMENT "A"

4200
Ser 5DC2.JSS/882
22 August 2002

DO 0162 was issued using a large portion of the available quantity of indefinite-quantity DO items for Annex 1. There is no other documentation of LCDR Arellano's agreement of your position in the contract file except for the e-mail. The agreement is interpreted not as agreement that indefinite-quantity work could not be issued under Annex 4, but that the quantity ordered would almost exhaust the available quantities for the required work too early in the contract period. This interpretation is in alignment with the rationale for issuing Modification P00009.

When subject contract was solicited, there was a requirement for grounds maintenance in Annex 4 – Housing Maintenance. Amendment 0010 removed the fixed-price portion of the grounds maintenance from the requirements. The fixed-price portion was then subsequently contracted to a mandatory source. No amendments were issued to remove any indefinite-quantity requirements from the requirements for Annex 4 only the lump sum portion. The contract does not place any limitations on where Annex 1 indefinite-quantity work can be ordered on the Naval Air Weapons Station (NAWS) China Lake.

You are reminded the SOW for both Annex 1, paragraph C.1.1 Indefinite-Quantity and Annex 4, paragraph C.6 Indefinite-Quantity state the following:

> Indefinite-quantity work shall be performed only when ordered by the Government on Work Orders/Delivery Orders issued in accordance with the clause in SECTION I entitled ORDERING and in accordance with the Schedule of Prices, Section B.

The clause FAR 52.216-18 – ORDERING (OCT 1995) allows the Government to place orders for any prepriced indefinite-quantity items by issuance of Delivery Orders by the individuals or activities designated in the Schedule. Such orders may be issued during the BASE YEAR and any of the OPTION YEARS. Clause FAC 5252.216-9310 – Combination Firm Fixed-Price/ Indefinite-Quantity Contract – Alternate I (OCT 1996) expands upon the Government's right to issue delivery orders for the prepriced items. You are obligated to perform on any Delivery Order issued that does not exceed the maximum order limitation of $50,000.00 per Clause G.2 – Contract Administration. A copy of first two-clauses is enclosed for your review.

This is my interpretation of the contract in regards to Annex 1 indefinite-quantity ordering in Family Housing based upon the above. You are reminded of your rights and responsibilities under FAR 52.233 – Disputes Alternate 1 (DEC 1991). If you disagree with this interpretation, you may make a Claim against the Government in accordance with the procedures of subject clause.

Work Order No. 0102006, 0102004, and 0102009 were issued in accordance with the ordering clauses of the contract. Under the terms of the contract, you are required to perform any delivery order issued in accordance with the contract. Therefore, you are hereby directed to

4200
Ser 5DC2.JSS/882
22 August 2002

perform the requirements of Work Order No. 0102006, 0102004, and 0102009 at the prices established under the IQ portion of Annex 1. Your completion date will be extended by 23 days in consideration for the decision time.

If you have any questions, please contact the undersigned at (760) 939-4088 or by e-mail at saundersis@efdsw.navfac.navy.mil.

Very Respectfully,

JOSEPH S. SAUNDERS
Contracting Officer

Enclosure