BMAR & ASSOC., INC.

1249 E. RIDGECREST BLVD.
RIDGECREST, CA 93555

PH: (760) 375-9503
FAX: (760) 375-9543

22 January 2003

Joseph S. Saunders
Base Operating Services Contract
ROICC, Building 00978
Naval Air Weapons Station
China Lake, CA 93555-6100

**RE: Claim, FAR 52.233-1, DISPUTES – ALTERNATE I (DEC 1991), Annex 1, IQ Work Request in Family Housing, Contract No. N68711-99-D-3322**

Dear Mr. Saunders:

In accordance with FAR 52.233-1, we hereby submit a written claim requesting appeal of the contracting officer's interpretation of the contract in regards to Annex 1 indefinite quantity ordering in Family Housing per Attachment 1. Our claim position is based on the following pertinent data.

Attachment 1 indicates that several facts were not understood on the part of BMAR as to the issuance of Modification P00009. BMAR was not aware of the additional factors described in Attachment 1. We contend that those are irrelevant factors and the decision of LCDR Arellano was based on the facts supported in the position of Attachment 2. The fact that Modification P00017 (Attachment 3) was issued for tree trimming work at Mountain Springs further supports the fact that LCDR Arellano was in agreement with the position per Attachment 2. The following additional facts of circumstances clearly supports our position that any grounds maintenance work requested to be performed in Annex 4 should be issued under modification/task order to the contract.

The contracting officer states in his decision letter (Attachment 1) that: "When subject contract was solicited, there was a requirement for grounds maintenance in Annex 4 – Housing Maintenance. Amendment 0010 (Attachment 4) removed the fixed-price portions of the grounds maintenance from the requirements. The fixed-price portion was then subsequently contracted to a mandatory source. No amendments were issued to remove any indefinite quantity requirements from the requirements for Annex 4 only the lump sum portion. The contract does not place any limitations on where Annex 1 indefinite quantity work can be ordered on the Naval Air Weapons Station (NAWS) China Lake." Additionally, the contracting officer stated that: "You are reminded the SOW for both Annex 1, paragraph C.1.1 Indefinite Quantity and Annex 4, paragraph C.6 Indefinite Quantity state the following: Indefinite quantity work shall be performed only when ordered by the

ATTACHMENT "B"

Government on Work Orders/Delivery Orders issued in accordance with the clause in SECTION I entitled ORDERING and in accordance with the Schedule of Prices, Section B."

Some vital elements are missing and were not contained in the above statements by the contracting officer. Annex 1, paragraph C.1.1 also includes the following: "Indefinite quantity work shall be accomplished within the time specified on the Work Order/Delivery Order (W.O./D.O.) in accordance with the performance standards specified in Appendix(s) 1-3 through 1-11. Also we take the position that Amendment 0010 deleted all Annex 4 grounds maintenance requirements, including indefinite quantity work. Amendment 0010 was silent on the point of "lump sum" and/or "indefinite quantity", but it was more than clear that the grounds maintenance responsibility was being deleted from the Annex 1 requirement based on the contract drawing. There is no argument on either side that the areas where work is to be performed by Annex 1 is as designated by the contract drawings, and if you delete areas, then you delete work (lump sum and indefinite quantity) in its entirety. Amendment 0010 deleted the entire housing area from the Annex 1 drawings indicating that all grounds maintenance work is to be performed by another contractor. Now, let's refer to Appendix 1-3, paragraph 1.2 REQUIREMENTS, which states: "All tree work is to be accomplished by a Certified Tree Worker, and Contractor should have access to a Certified Arborist for consultation. The work includes but is not limited to, demolition or removal of all existing trees, shrubs, turf and other items specified, trimming, pruning and removal of sucker growth including those interfering with power lines as designated on **drawings**." Note that the indefinite quantity requirement refers to work being accomplished per the areas as designated on the drawings. It does limit the performance of work to the areas designated on the drawings, and contradicts the contracting officer's interpretation that: "The contract does not place any limitations on where Annex 1 indefinite quantity work can be ordered on the Naval Air Weapons Station (NAWS) China Lake." Be advised that no bidder could have anticipated the intentions of the government in Amendment 0010 to have them perform indefinite quantity grounds maintenance work in the deleted areas of the drawings for Annex 4. The drawings (see Attachment 5 indicating that the entire grounds for Family Housing to be the responsibility of NISH) are very vivid in color and indicates very clearly what areas the contractor will have responsibility for grounds maintenance. Additionally the data contained in paragraph C.5.11 further solidifies the fact that no grounds maintenance work will be required. In that it states: "Downed limbs shall be removed within 24 hours from all areas except Family Housing areas." This further implies that the government has another contractor performing all grounds maintenance work (lump sum and indefinite quantity) in Annex 4 – Housing.

We totally disagree with the contracting officer's decision in regards to Annex 1 indefinite quantity ordering in Family Housing. The contracting officer's decision clearly cannot be supported based on the clause FAR 52.216-18 and clause FAC 5252.216-9310 because Amendment 0010 deleted all grounds maintenance requirements for Family Housing including indefinite quantity, and the contract by the drawings designates the areas where indefinite quantity work can be ordered for performance. The question is what did Amendment 0010 delete? If it only deleted the lump sum, then it should have stated so on the drawing and it would have been clear that only the lump sum was deleted. However, there was no reason for any statement of what is being deleted because the real understanding was that the Family Housing was entirely deleted. Based on the contracting officer's decision, Annex 1 indefinite quantity work can be ordered for all locations regardless if they are on the drawing. As stated in the contract the drawings designate the areas for Annex 1 work and that is what our bid pricing was based upon. However, the contracting officer by his decision contradicts the contract language indicating that the drawings have no foundation for designation of indefinite quantity work. He is stating that all areas are covered (which have no drawings) by the contract. This includes outlining and out of state areas of NAWS China Lake to include Ranges, Superior Valley, Coso Junction, Mountain Springs, Randsburg Wash, etc, the Missile Range at White Sands (New Mexico), and San Nicholas Island. We believe that the contracting officer's decision is a misrepresentation of fact in that no reasonable bidder could have know that the intent of the government was to apply Annex 1 indefinite quantity to the deleted Family Housing areas of the drawings that are to be performed by another contractor.

**BMAR & Associates, Inc.**

Roger F. Stewart
Project Manager

rs/rs (rfs)

Atch: 1 – Contracting Officer's letter serial 5DC2.JSS/882 of 22 August 2002
2 – BMAR letter dated 24 October 2001
3 – Modification P00017
4 – Amendment 0010
5 – Drawing GDM 33-4

cc: Mgr., Resource Management
file