IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BMAR & ASSOCIATES, INC., | ) | |
| Plaintiff, | ) | No. 03-1983C |
| v. | ) | (Judge Bush) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant, the United States, admits, denies and alleges as follows:

The first unnumbered paragraph contains an introductory statement to plaintiff's allegations set forth below in its complaint, to which no answer is required.

1. Denies the allegation contained in the first sentence of paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the second sentence of paragraph 1.

2. Admits.

3. Admits the allegations contained in paragraph 3 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 3.

4. Admits the allegations contained in paragraph 4 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations

contained in paragraph 4.

5. The allegation contained in paragraph 5, that BMAR submitted its claim in accordance with Federal Acquisition Regulation ("FAR") 52.233-1, constitutes a conclusion of law and a characterization of plaintiff's case, to which no response is required; to the extent it may be deemed an allegation of fact it is denied. Admits the remainder of the allegations contained in paragraph 5 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegations contained in the first sentence of paragraph 6. The allegations contained in the second sentence of paragraph 6 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

7. Admits the allegation in paragraph 7 than less than 12 months has passed since BMAR's January 22, 2003 claim. The remainder of the allegations contained in paragraph 7 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

8. The allegations contained in paragraph 8 constitute conclusions of law and characterizations of plaintiff's case, to

which no response is required; to the extent they may be deemed allegations of fact they are denied.

9. Admits the allegations contained in paragraph 9 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the document cited, which is the best

evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Denies.

16. Admits the allegations contained in paragraph 16 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 20.

21. Denies the allegation in paragraph 21 that the

correspondence in "Attachment C" was in response to BMAR's October 24, 2001 letter for lack of knowledge or information sufficient to form a belief as to its truth. Admits the remainder of the allegations contained in paragraph 21 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 21.

22. Admits.

23. Admits the allegations contained in paragraph 23 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. Admits the allegations contained in the first sentence of paragraph 24 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 24. Admits the allegations contained in the second sentence of paragraph 24. Denies the allegation contained in the third sentence of paragraph 24.

25. The allegation contained in paragraph 25, that BMAR submitted its claim in accordance with Federal Acquisition Regulation ("FAR") 52.233-1, constitutes a conclusion of law and a characterization of plaintiff's case, to which no response is required; to the extent it may be deemed an allegation of fact it

is denied. Admits the remainder of the allegations contained in paragraph 25, to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 25.

26. Admits the allegations contained in the first sentence of paragraph 26. The allegations contained in the second sentence of paragraph 26 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact they are denied.

28. The allegations contained in paragraph 28 constitute conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact they are denied.

29. The allegations contained in paragraph 29 constitute conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact they are denied.

30. Denies the allegation in paragraph 30 for lack of information sufficient to form a belief as to its truth.

31. Denies that plaintiff is entitled to the relief requested in paragraph 31 or to any relief whatsoever.

32. Admits the allegation contained in paragraph 32, that FAR § 52.233-1(g) was incorporated into the contract, to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 32, that FAR § 52.233-1(g) was incorporated into the contract. The remainder of paragraph 32 contains a request to pursue resolution of this dispute through an agreed upon alternative dispute resolution procedure, to which no response is required.

33. Denies that plaintiff is entitled to the relief requested in its prayer for relief following paragraph 32 or to any relief whatsoever.

34. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.

FRANKLIN E. WHITE, JR.
Assistant Director

s/ Claudia Burke

CLAUDIA BURKE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street
Washington, D.C. 20530
Tel: (202) 353-9063
Fax: (202) 307-0972

January 5, 2004

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this ___ day of January, 2004, I caused to be placed in the United States mail (first-class, postage prepaid) copies of a "DEFENDANT'S ANSWER" addressed as follows:

Joan K. Fiorino, Esq.
LAW OFFICES OF DULSKE AND FIORINO, P.C.
The Spectrum Building
613 NW Loop 410, Suite 550
San Antonio, TX 78216

s/ Claudia Burke
________________________________